CARLOS P. TUCKER, Respondent, *v.* CHARLES E. LELAND, Impleaded, etc., Appellant.

An order denying a motion to set aside a judgment for deficiency in a fore-closure suit, where the motion is based upon the fact that by a clerical error the name of the defendant against whom such judgment is rendered was omitted from the prayer for judgment for deficiency in the copy of the complaint attached to the judgment-roll, is not reviewable here; it involves simply questions of practice.

So, also, an order denying a motion to set aside judgment of foreclosure and sale because of non-joinder of a party defendant, is not reviewable here.

(Argued October 1, 1878; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing an order of Special Term which set aside a judgment for deficiency against defendant Leland, and which vacated the whole judgment of foreclosure and sale.

The former part of the order was granted because, by clerical error, the name of Leland was omitted from the prayer for judgment for deficiency in the copy of complaint attached to the judgment-roll, the latter part on the ground that one Flynn, who was the owner of the equity of redemption, whose deed was not recorded, was not made a party defendant.

*Henry Smith*, for appellant.

*William A. McKinney*, for respondent. The order of the General Term was not appealable for the reason that the alleged irregularity in the judgment-roll was at most a clerical error. (*Whitney* v. *Townsend*, 67 N. Y., 40; *Foot* v. *Lathrop*, 41 id., 358; *McCoun* v. *N. Y. C. and H. R. R. R. Co.*, 50 id., 176; *Cushmun* v. *Benedict*, id., 298; *Baker* v. *Home L. Ins. Co.*, 63 id., 630.) An order refusing to set aside a foreclosure sale is not appealable. (*Crane* v. *Stiger*, 58 N. Y., 625; *Hale* v. *Clauson*, 60 id., 339; *McReynolds* v. *Munns*, 2 Keyes, 214; *Dows* v. *Congdon*, 28 N. Y., 122; *Hazleton* v. *Wakeman*, 3 How., 357.)

*Per Curiam.* Whatever merit there may have been at the Special or General Term in the questions involved in the order appealed from, it is quite clear that they are questions of practice only, and not reviewable in this court. Whether the clerical error, in the copy of the complaint, attached to the judgment-roll, omitting the defendant Leland's name from the prayer for judgment for deficiency, should be disregarded, or be amended, or the judgment set aside, were questions exclusively in the first instance for the Special Term, and on appeal for the General Term. These tribunals it seems differed, and we cannot interfere. The General Term having the superior authority must prevail. The other questions are of the same character.

The order was not appealable, and the appeal must be dismissed.

All concur, except MILLER and EARL, JJ., absent at argument.

Appeal dismissed.